UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADER O.L., | |
| Petitioner, | No. 1:26-cv-03385-TLN-AC |
| v. | A # 221-489-564 |
| WARDEN, CALIFORNIA CITY IMMIGRATION CENTER, et al. | **ORDER** |
| Respondents. | |

This matter is before the Court on Petitioner Ader O.L.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order ("TRO"). (ECF Nos. 1, 2.) On May 5, 2026, the Court issued a Minute Order stating that it intends to rule directly on the habeas petition due to the urgent nature of the requested relief and directed Respondents to file a response. (ECF No. 4.)

On May 6, 2026, in response, Respondents filed a notice of related cases and motion to dismiss. (ECF Nos. 7, 8.) Respondents assert that under Local Rule 123, this case is related to

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

No. 1:26-cv-01372-JLT-HBK, as each action arises from Petitioner's detention in immigration custody.  (ECF No. 7 at 1.)  Respondents note that in the first action, the habeas petition was granted, judgment was entered in his favor on April 17, 2026, and Petitioner received a bond hearing before an immigration judge ("IJ") (who found Petitioner constituted a flight risk and denied bond).  (ECF No. 8 at 1, 3, 7.)  Respondents assert that in the instant second action, Petitioner raises precisely the same kind of issues as presented before—whether he should be granted immediate release or a bond hearing based on constitutional or statutory claims.  (*Id.* at 1–2.)

"Pursuant to 28 U.S.C. § 2244(a), '[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]'"  *Tate v. Borla*, No. 1:25-cv-01704 JLT SKO (HC), 2025 WL 3769421, at *1 (E.D. Cal. Dec. 31, 2025).  Further, the Ninth Circuit has clarified that 28 U.S.C. § 2244(a) "prevents a federal inmate from using § 2241 'to call into question the validity of a conviction or sentence that has already been subject to collateral review,'" as "§ 2244(a) bars successive petitions seeking review of the propriety of a detention 'pursuant to a judgment of a court of the United States.'"  *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (quoting *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1988); *Felker v. Turpin*, 518 U.S. at 651, 662–63 (1996)).

Here, the Court agrees with Respondents that Petitioner presents in the instant petition the same issues that were decided in the first action.  (ECF No. 8 at 2.)  In the first action, Petitioner alleged he entered the United States without inspection in February 2022, was never detained by immigration officials upon entry, and 8 U.S.C. § 1226(a) is the appropriate authority governing his detention.  (No. 1:26-cv-01372-JLT-HBK, ECF No. 1 at 7.)  Petitioner alleged the following claims: (1) a violation of the Immigration and Nationality Act ("INA"); (2) a violation of the bond regulations, 8 C.F.R. §§ 236.1, 1236.1, and 1003.19; (3) a violation of the suspension clause of the United States Constitution; (4) a violation of substantive due process; and (5) violation of

2

procedural due process.  (*Id.* at 14–23.)  Judge Jennifer L. Thurston ultimately adopted Magistrate Judge Helena M. Barch-Kuchta's recommendation to grant the habeas petition as to the INA claim and ordered Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).  (No. 1:26-cv-01372-JLT-HBK, ECF No. 15 at 2.)  In the instant second action, Petitioner alleges similar facts and claims for violation of due process (noting that under 8 U.S.C. § 1226(a), the government must provide an individualized bond hearing where the government bears the burden of proving by clear and convincing evidence that the noncitizen poses a flight risk or danger to the community), prolonged detention,[2] and deliberate indifference to Petitioner's medical needs.  (ECF No. 1 at 3–6.)  As Petitioner raises the same claims raised in the first habeas petition, the instant second petition must be dismissed.  *See Del Raine v. Adams*, 58 F. App'x 762 (9th Cir. 2003) (noting the "district court properly dismissed Del Raine's [§ 2241] petition as successive because he raises the same claims raised in a prior habeas petition, and denied on the merits by the Middle District of Pennsylvania").[3]

For the foregoing reasons, Respondents' Motion to Dismiss (ECF No. 8) is GRANTED and Petitioner's Motion for TRO (ECF No. 2) is DENIED as moot.  The Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed.  Petitioner's Count Two for prolonged detention is dismissed without prejudice.  Petitioner may raise this claim at a later date.  The Clerk of the Court shall close the case.

IT IS SO ORDERED.

//

---

[2]    The Court notes Petitioner did not assert a prolonged detention claim in the first action. Petitioner has been detained since January 21, 2026, and he recently received a bond hearing on April 28, 2026.  (ECF No. 8 at 7, 16.)  To raise a Fifth Amendment Due Process prolonged detention claim pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001), Petitioner must demonstrate his removal is no longer reasonably foreseeable.  *See also Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (applying *Zadvydas* to detention under 8 U.S.C. § 1226(a)). As detention continues, due process may require additional procedural protections to ensure adequate justification for detention.  Here, Petitioner has not been detained for more than six months, which is a presumptively reasonable period of detention.  Thus, this claim is premature.

[3]    Further, to the extent Petitioner raises issues with the conditions of his confinement, those claims are not properly before the Court on a habeas petition and must instead be brought as a civil rights action.

Date: May 11, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE